UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

KEVIN WILLOCK,                              :
       Petitioner,                 :
                                     :
      v.                              :        No. 2:25-cv-6158
                                     :
JOHN RIVELLO, et al.,                       :
       Respondents.                :

---

## **O R D E R**

**AND NOW**, this 22nd day of June, 2026, upon consideration of the Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254, ECF No. 1; the Amended Petition for Writ of

Habeas Corpus, ECF No. 5; the Response in Opposition to the Petition, ECF No. 9; the Report

and Recommendation ("R&R") issued by Magistrate Judge Scott W. Reid on April 27, 2026,

ECF No. 10; and in the absence of objections;[1] **IT IS HEREBY ORDERED THAT**:

    1.    The Report and Recommendation, ECF No. 10, is **APPROVED and**

**ADOPTED**.

---

[1]    When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 152 (1985). Nevertheless, the United States Court of Appeals for the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied* 484 U.S. 837 (1987). "When no objections are filed, the district court need only review the record for plain error or manifest injustice." *Harper v. Sullivan*, No. 89-4272, 1991 WL 24908, at *1 n.3 (E.D. Pa. Feb. 25, 1991). *See also Hill v. Barnacle*, 655 F. App'x 142, 148 (3d Cir. 2016) (holding that even when objections are filed, district courts "are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)"); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (explaining that in the absence of a timely objection, the court should review the magistrate judge's report and recommendation for clear error). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

2.      The Petition for Writ of Habeas Corpus, *see* ECF Nos. 1, 5, is **DISMISSED** as untimely for the reasons set forth in the R&R.

3.      For the reasons set forth in the R&R, there is no basis for the issuance of a certificate of appealability.[2]

4.      The Clerk of Court shall **CLOSE** this case.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[2]    *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.")